Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Ruth Davis*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Ruth Davis, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| Aetna Life Insurance Company; Aetna, Inc. Short-Term Disability Benefits Plan; Aetna, Inc. Long-Term Disability Benefits Plan, | |
| Defendants. | |

Now comes the Plaintiff Ruth Davis (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Pima County, Arizona.

3. Upon information and belief, Aetna, Inc. and/or Aetna Life Insurance Company (hereinafter referred to as the "Aetna") sponsored and administered a short-term disability (STD) Plan named the Aetna Inc. Short-Term Disability Benefits Plan and a long-term disability (LTD) Plan named the Aetna Long-Term Disability Benefits Plan (hereinafter referred to either as the "STD Plan," the "LTD Plan" or the "Plans" where appropriate). Both Aetna Plans were funded and benefits were paid through the general assets of Aetna. Upon information and belief, the specific Aetna Group Control Number for the Plans may be 0698456. Aetna's purpose in sponsoring, administering and funding the Plans was to provide disability benefits for its employees. Upon information and belief, at all times relevant hereto, the Plans constituted "employee welfare benefit plans" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Aetna functioned as the claim administrator and plan fiduciary of the Plans. However, pursuant to the relevant ERISA regulation, Aetna may not have made a proper delegation or properly vested fiduciary authority in itself for claim administration.

5. Aetna operated under a conflict of interest in evaluating Plaintiff's STD and LTD claims because it was the decision maker with regard to whether Plaintiff was disabled, and the payor of all benefits.

6. Aetna's conflict existed in that if it found Plaintiff was disabled, it was then liable for the payment of her STD and LTD benefits.

7. Aetna and the Plans conduct business within Gila County and all events giving rise to this Complaint occurred within Arizona.

### *Venue*

8. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

9. Incident to her employment with Aetna, Plaintiff was a covered employee and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits in the form of "Own Occupation" benefits from both the STD and LTD Plans pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other non-disability employee benefits she may be entitled to from either Plan, from Aetna and/or from any other Aetna employee benefit Plan as a result of being found disabled in this action.

10. Assuming the issue is ripe before the Court at the time it adjudicates the case (i.e. the 30 month "Own Occupation" definition of disability and timeframe in the STD and LTD Plans has expired), Plaintiff also seeks a determination that she is disabled and meets the "Any Reasonable Occupation" definition of disability set forth in the LTD Plan as all the evidence she submitted to Aetna supports such a determination and Order from the Court.

11. Plaintiff was employed by Aetna and a covered employee during all relevant periods. Plaintiff became disabled on or about March 10, 2014, due to serious medical conditions and was unable to work in her designated occupation with Aetna as a Case Management Coordinator. Plaintiff has remained disabled as that term is defined in the

1  relevant Aetna STD and LTD Plans continuously since that date and has not been able to
2  return to work in "Any Reasonable Occupation" as that term is defined in the LTD Plan.

3      12.    Following the onset of her disability, Plaintiff filed a claim for STD benefits
4  which was initially approved by Aetna, but STD benefits were subsequently terminated
5  before the waiting period expired in the LTD Plan.  Plaintiff would have been eligible for
6  LTD benefits after the LTD waiting period expired.

7      13.    Aetna denied Plaintiff's LTD claim on or about at the same time it informed
8  her that it was terminating her STD claim.  Aetna's rationale for its denial was that Plaintiff
9  was not disabled from working in her own occupation during the entire STD waiting period
10 (which was 26 weeks).  As a result of Aetna's STD denial, Plaintiff was also not eligible for
11 LTD benefits.

12     14.    Plaintiff did not exhaust her STD claim and benefits due to the fact that Aetna
13 only found her disabled from working in her occupation through August 8, 2014.  Upon
14 information and belief, Aetna evaluated Plaintiff's claim for LTD benefits while her STD
15 benefits were still being pursuant to its own company policy, presumably to prevent a gap in
16 coverage and benefits.

17     15.    Upon information and belief, the Aetna STD Plan paid benefits for a
18 maximum of 26 weeks and contained the following definition of disability, in relevant part:

19
- To be eligible, you and your Physician must provide evidence that due to a non-work related injury or illness, you are unable to perform the material duties of your own occupation.
20

21     16.    After a 26 week waiting period, the LTD Plan contained the following
22 definitions of disability:

23
> You are disabled when Aetna determines that:
> - During the first 30 months that you are disabled, you and your Physician must provide evidence that you are unable to perform the material duties of your own occupation;

-4-

- For LTD benefits to continue beyond the first 30 months (one-week waiting period, 25 weeks of STD benefits and 24 months of LTD benefits), you and your doctor must provide evidence that you are unable to perform the duties of any reasonable occupation.

17. In support of her claim for STD and LTD benefits, Plaintiff submitted to Aetna medical evidence which supported her allegation that she met any definition of disability set forth in the relevant STD and LTD Plans.

18. Upon information and belief, as part of its review, Aetna may have retained one of its employees, Ricky Snyder, D.O., to perform a medical records review of Plaintiff's STD and LTD claims. Plaintiff alleges Aetna's action in retaining one of its own physicians to review her claims is evidence of its conflict of interest at work. Plaintiff alleges that Dr. Snyder, as an employee of Aetna, was not independent or impartial and may have had an incentive to protect his employment status with Aetna by providing a review which provided Aetna with evidence to support a denial of her STD and LTD claims. In his review, Dr. Snyder minimized and de-emphasized Plaintiff's evidence which proved that she was disabled and unable to work not only in her occupation at Aetna as the term is defined in the STD Plan, but also "Any Reasonable Occupation" as that term is defined in the LTD Plan.

19. In the event Aetna retained a third party vendor to obtain the medical records review in Plaintiff's STD and LTD claims, Plaintiff alleges the third party vendor may have an extensive business relationship with Aetna and may have an incentive to protect its relationship with Aetna by providing medical records reviews which minimize and de-emphasize an insured's evidence, as occurred in Plaintiff's claim, which provided evidence that allowed Aetna to support the denial of her claims.

20. In a letter dated September 8, 2014, Aetna informed Plaintiff it was denying her claim for LTD benefits due to the fact that her STD claim had only been certified and approved through August 8, 2014. Aetna terminated Plaintiff's STD claim only one month before the 26-week LTD waiting period ended and during a timeframe when her STD claim would be transitioning from STD to LTD benefits.

21. In a letter dated September 15, 2014, Aetna informed Plaintiff that because it had terminated her STD claim and benefits as of August 8, 2014, she was also not eligible for LTD benefits because it did not find her disabled for the entire 26-week LTD waiting period.

22. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Aetna's September 8, 2014 denial of her LTD claim.

23. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed Aetna's September 15, 2014 termination of her STD claim.

24. In support of her appeal for both her STD and LTD claims, Plaintiff submitted to Aetna additional medical evidence demonstrating that she met the "Own Occupation" set forth in both the STD and LTD Plans and the "Any Reasonable Occupation" definition of disability set forth in the LTD Plan.

25. Plaintiff also submitted to Aetna medical records from one of her treating medical professionals who concluded, "…it is my opinion that these conditions are chronic and are of severity that she is truly disabled at this time."

26. Plaintiff also submitted medical records and disability forms from her primary medical professional who opined she had, "No ability to work. Severe limitation of functional capacity; incapable of minimal activity."

27. Plaintiff also submitted updated medical records and testing from her various treating medical providers, many which included the medications she was taking and the side effects they caused Plaintiff to experience not only while working in her occupation at Aetna, but also in any occupation.

28. On February 25, 2015, notwithstanding the reliable and credible evidence submitted on appeal by Plaintiff in her STD and LTD claims, Aetna notified her that it had made a final administrative denial in both her STD and LTD claims and that she had exhausted her administrative remedies.

29. As part of its review of Plaintiff's claim for STD and LTD benefits, Aetna retained a third part vendor named MES Solutions (hereinafter referred to as "MES") who hired medical professionals to only review her medical records in order to provide "paper reviews" of Plaintiff's claims.

30. Upon information and belief, Plaintiff alleges MES and the reviewing physicians it retained may have a extensive business relationships with each other. Plaintiff also alleges MES's physicians may also have extensive business and consulting relationships with other disability insurance companies and/or Aetna. As a result, Plaintiff alleges MES and the physicians it retained may have had an incentive to protect their business relationship with MES, and with the disability insurance industry and/or Aetna by providing medical records only paper reviews, which selectively review, ignore and/or minimize evidence of disability such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to MES and/or Aetna and which supported the denial of her STD and LTD claims.

31. In evaluating Plaintiff's STD and LTD claims on appeal, Aetna had an obligation pursuant to ERISA to administer them "solely in her best interests and other participants" which it failed to do. [1]

32. Aetna failed to adequately investigate and failed to engage Plaintiff in a dialogue during the appeal of her STD and LTD claims with regard to what evidence was necessary so Plaintiff could perfect her appeal and claims. Aetna's failure to investigate her claims and to engage in this dialogue or to obtain the evidence that it believed was important to perfect Plaintiff's claims violates ERISA as well as Ninth Circuit case law, and is a reason she did not receive a full and fair review.

33. Plaintiff alleges Aetna provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to adequately investigate her claims because its and/or MES's reviewing medical professionals were not truly independent or impartial; failing to request or obtain an Independent Medical Examination so it could better understand Plaintiff's disabling medical diagnoses and limitations when the Plan(s) allowed it to obtain one; failing to credit Plaintiff's reliable evidence; providing one sided reviews of Plaintiff's claim that failed to consider all the evidence submitted by her and/or de-emphasizing medical evidence which supported Plaintiff's claims; disregarding Plaintiff's self-reported symptoms; failing to consider all the

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work in her "Own Occupation" and "Any Reasonable Occupation" as those terms are defined in the Plans; failing to engage Plaintiff in a dialogue so she could respond to Aetna's doctors' reports by submitting the necessary evidence to perfect her claims particularly since she was not represented by counsel during Aetna's review; and failing to consider the impact the side effects of Plaintiff's medications would have on her ability to engage in any occupation.

34. Plaintiff alleges a reason Aetna provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest that manifested as a result of the dual roles Aetna undertook as the decision maker and payor of benefits. Aetna's conflict of interest provided it with a financial incentive to deny Plaintiff's claims because when it denied them, Aetna saved a significant amount of money.

35. Plaintiff is entitled to discovery regarding Aetna's aforementioned conflicts of interest and the potential conflicts of interest of *any* third party vendor, such as MES, and any medical professional who was involved in the review of her claims. The Court may properly weigh and consider extrinsic evidence regarding the nature, extent and effect of *any* conflict of interest and/or ERISA procedural violation which may have impacted or influenced Aetna's decision to deny Plaintiff's claims.

36. With regard to whether Plaintiff meets the definitions of disability set forth in the STD and LTD Plans, the Court should review the evidence in Plaintiff's claims *de novo*, because even if the Court concludes the Plans confer discretion, the unlawful violations of ERISA committed by Aetna as referenced herein are so flagrant they justify *de novo* review.

1    37.    As a direct result of Aetna's decision to terminate Plaintiff's STD claim (benefits) and LTD claim, she has been injured and suffered damages in the form of lost STD and LTD benefits, in addition to other potential employee non-disability benefits she may have been entitled to receive through or from the Plans, from any other Aetna Plan and/or Aetna as a result of being found disabled.  Plaintiff believes other potential non-disability employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependents.

38.    Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid STD and LTD benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

39.    Plaintiff is entitled to prejudgment interest at the legal rate pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Aetna's nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.    For an Order finding the evidence in Plaintiff's STD claim is sufficient to prove that she meets the "Own Occupation" definition of disability set forth in the STD Plan and that she is entitled to the remaining STD benefits she was not paid, along with other non-disability employee benefits she may be entitled to as a result of that Order, from the date she was first denied these STD benefits through the maximum date STD benefits are payable pursuant to the STD Plan with prejudgment interest thereon;

B.    For an Order finding the evidence in Plaintiff's LTD claim is sufficient to prove that she meets the "Own Occupation" definition of disability in the LTD Plan and

that she is entitled to these benefits, along with other non-disability employee benefits she may be entitled to as a result of that Order, from the date she was first denied these LTD "Own Occupation" benefits through the maximum date those benefits are payable pursuant to the LTD Plan with prejudgment interest thereon;

C. Assuming the issue is ripe before the Court (i.e. the 30 month "Own Occupation" definition of disability and timeframe set forth in the STD and LTD Plans has expired), Plaintiff seeks an Order that she is disabled and meets the "Any Reasonable Occupation" definition of disability set forth in the LTD Plan and that she is entitled to these benefits from the date she is first eligible for them through the date of the Order with prejudgment interest thereon;

D. Alternatively, if the "Any Reasonable Occupation" issue is not ripe before the Court at the time of adjudication because the "Own Occupation" timeframe in the LTD Plan has not expired, or the timeframe has expired but the Court decides it is unable to make an "Any Reasonable Occupation" determination for any reason, then Plaintiff seeks an Order remanding the issue to the Plan Administrator so it can offer her an administrative review where she is afforded the opportunity to submit new and additional evidence in order for it to determine whether she meets the "Any Occupation" definition of disability in the LTD Plan;

E. Alternatively, if Aetna argues and/or the Court determines that Plaintiff has not exhausted her administrative remedies in her LTD claim pursuant to the LTD Plan, she seeks a remand to the Plan Administrator so it can offer her an administrative review where she is afforded the opportunity to submit new and additional evidence so it may determine whether she is entitled to any LTD benefits;

    F.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    G.    For such other and further relief as the Court deems just and proper.

DATED this 4th day of February, 2016.

SCOTT E. DAVIS. P.C.

By:    */s/ Scott E. Davis*
          Scott E. Davis
          Attorney for Plaintiff